UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
STACEY HARTLINE,

               PLAINTIFF,                     ORDER
                                                 03-CV-1974 (DRH)
      -AGAINST-

ANTHONY GALLO, DARREN GAGNON,
MARLA DONOVAN, JIM SHERRY AND
INCORPORATED VILLAGE OF
SOUTHAMPTON,

               DEFENDANTS.
-------------------------------X
A P P E A R A N C E S:

For the Plaintiff:
    William E. Betz, Esq.
    50 A Sagamore Hill Drive
    Port Washington, New York 11050

    Frederick K. Brewington, Esq.
    50 Clinton Street - Suite 501
    Hempstead, New York 11550-4282

For Defendants:
    Devitt Spellman Barrett, LLP
    50 Route 111
    Smithtown, New York 11787
        By: Jeltje deJong, Esq.

HURLEY, Senior Judge

        1. Defendants have requested that the phrase "after being informed by report or appeal" be inserted in numbered paragraph (4) on page 27 of the June 11th draft charge regarding plaintiff's burden of proof with respect to defendant Sherry. The requested additional language presumably was taken by defendants from Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Subsections (A) and (B) of the Court's charge on that subject is taken essentially verbatim from the same case absent

objection by defendants. However, the language I am being asked to add appears under another, and non-charged theory of liability articulated in Colon. The proposed insert simply does not apply to subsections (A) and/or (B) of the charge. Accordingly the Court declines to make this addition;

2. At the charge conference the Court raised the question of whether nominal damages should be included within the damages portion of the charge. Plaintiff objected to such an inclusion, citing Atkins v. City of New York, 143 F.3d 100 (2d Cir. 1998). Considering the plaintiff's position, the absence of any enunciated prejudice to the defendants that would result from this non-inclusion, and having read Atkins v. The City of New York, the Court will not include a nominal damages section in the charge as per plaintiff's request;

3. Defendants have asked that rather using the terms "like circumstances" (draft charge at 18) and "similarly situated" (e.g., id. at 30), that I use an alternate, more expansive term such as "similarly situated in all material respects" as found in Shumway v. United Parcels Services, 118 F.3d 60, 64 (2d Cir. 1997) "substantially similarly situated." The operative word in the Shumway excerpt is, for present purposes, "material." What is material depends in large measure on the attendant facts. Here, the relevant portions of Part Two of the charge, read in toto, appropriately explain the substance

of plaintiff's strip search and equal protection claims, as well as the respective positions of the parties. Accordingly, I believe plaintiff has the better side of the argument, and I decline to adopt defendants' suggested addition as it may unnecessarily complicate the matter for the jury. See generally Bradley v. United States of America, 299 F.3d 197 (3d Cir. 2002); Bullock v. Dart, 599 F. Supp. 2d 947 (N.D. Ill. 2009);

        4. I will provide counsel with proposed qualified immunity questions to be included in the verdict sheet when Court reconvenes on Monday, June 15, 2009 at 9:00 a.m.

    SO ORDERED.

Dated: June 12, 2009
      Central Islip, New York

_____
DENIS R. HURLEY, U.S.D.J.